## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ERIC D. HOVDE, an individual | ) | |
| and STEVEN D. HOVDE, an individual | ) | |
| | ) | |
| | ) | |
| Plaintiffs. | ) | CASE NO. 23-CV-14263 |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD P. FREUD, an individual, and | ) | |
| RUFF, FREUD, BREEMS | ) | |
| & NELSON LTD., an Illinois corporation, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

## <u>COMPLAINT FOR PROFESSIONAL NEGLIGENCE</u>

Plaintiffs, Eric D. Hovde and Steven D. Hovde (collectively "Hovdes"), by and through their attorneys, allege as follows:

1.      This is an action against attorney Edward P. Freud ("Freud") and the law firm Ruff, Freud, Breems & Nelson Ltd. ("RFBN")(collectively "Freud/RFBN") regarding their representation of the Hovdes in the litigation entitled *Eric D. Hovde and Steven D. Hovde vs. ISLA Development LLC and Jeffrey T Riegel.* Case No. 18-CV-7323 (ND Ill.) ("the ISLA Litigation").

2.      The ISLA Litigation related to a loan the Hovdes provided to Jeffrey Riegel ("Riegel") and his business ISLA Development LLC ("ISLA") for a development project on Isla Mujeres, a Caribbean island off the coast of Cancun, Mexico ("the Project").  The loan was governed by ISLA's Note and guaranteed by Riegel's continuing unconditional Guaranty.

When Riegel's Project failed, neither Riegel nor ISLA ever repaid a cent of the millions of dollars in principal and interest they owed the Hovdes. The Hovdes filed suit on November 2, 2018 seeking to recover those funds from ISLA. The district court in the ISLA Litigation found that the suit fell outside the applicable Illinois ten-year statute of limitations with the Seventh Circuit affirming on appeal (Case No. 21-2894).

3.      Attorney Freud and the law firm RFBN represented the Hovdes in the ISLA Litigation. During the representation, Freud and RFBN failed to raise basic evidence to establish that that the applicable Illinois ten-year statute of limitations was reset by a new promise to pay and that the ISLA Litigation was therefore timely filed. Freud and RFBN's professional negligence and breach of their fiduciary duty resulted in the Hovdes unable to recover the funds loaned to the plaintiffs (and corresponding interest) in the ISLA Litigation.

## THE PARTIES

4.      Plaintiff, Eric D. Hovde, an individual, is a citizen of the State of Wisconsin.

5.      Plaintiff, Steven D. Hovde, an individual, is a citizen of the State of Colorado.

6.      Defendant, Edward P. Freud, an individual, is a citizen of, and licensed attorney in, the State of Illinois and at all times relevant to this lawsuit was a partner at RFBN.

7.      Defendant, RFBN, is a law firm organized as an Illinois corporation with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

8.      This Court has general jurisdiction over Freud because he is a citizen of the State of Illinois and resides in this District.

9.      This Court has specific jurisdiction over Freud because he committed the tortious acts set forth below in Count I in Illinois.

2

10.     This Court has general jurisdiction over RFBN because it has continuous and systematic contacts within Illinois, including, but not limited to, having offices in Illinois.

11.     This Court has specific jurisdiction over RFBN because it committed the tortious acts set forth below in Count I in Illinois.

12.     Subject matter jurisdiction is proper in this District pursuant to 28 U.S.C. §1332(a).  The amount in controversy exceeds $75,000 and the parties are citizens of different states.

13.     Venue in this District is also proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims herein occurred in this District.

## FACTUAL BACKGROUND

14.     In June 2005, the Hovdes loaned ISLA Development LLC ("ISLA"), $2.5 million to fund the Project in Mexico. The parties executed a Loan and Security Agreement and Note ("Note") to that effect on June 2, 2005. (Ex. A)  ISLA's manager, president and sole member, Jeffrey Riegel, agreed to guaranty the loan under a continuing unconditional Guaranty. (Ex. B)

15.     The Note was payable on June 2, 2007 when the entire unpaid balance of principal and interest was payable in full.

16.     The Note contained an "Events of Default" provision, which included the following provision: "The occurrence of any one or more of the following events shall constitute an 'Event of Default' . . . (d) An Act of Bankruptcy shall occur with respect to the Borrower, Isla Mexico, JJBA2 or Riegel . . . 'Act of Bankruptcy' shall mean if (i) the person shall. . . (5) admit in writing its inability to pay its debts as they mature . . . ."  Under the Note, if an "Event of Default" occurred, "the outstanding unpaid principal balance of the Note, the

accrued interest thereon and all other obligations of the Borrower . . . shall automatically become immediately due and payable," and the Hovdes could immediately demand payment under the Note. (Ex. A)

17. The Project ran into financial trouble during the onset of the 2008 financial crisis. In response, the Hovdes and ISLA Development renegotiated the Note several times, and the Hovdes loaned additional funds—construction loans and emergency bridge loans— between July 2007 and April 2008. Following the amendments and the additional loans, the aggregate principal sum loaned by the Hovdes to ISLA totaled $4,394,821.

18. On September 2, 2008, Riegel sent an email to the Hovdes stating that "[a]t this point in time, my resources are exhausted." As explained by the Seventh Circuit in its opinion, "In that email he [Riegel] detailed the financial challenges, including stating that as of two weeks prior all construction workers were suspended and that the management team was kept on but was not paid that past Friday, and that if all construction workers and management staff were terminated that day then outstanding severance and federal taxes would total another $200–250,000. He further stated that funds of $75,000 were needed by Wednesday morning to avoid having Social Security persons in Mexico shut down the entire operation immediately. He [Riegel] continued that he was told that trucks would be coming to confiscate all computer equipment from the offices and other assets and materials at the construction site to pay the social security bill owed, and that such an action would be the instant death of the project. He concluded by stating that he was a very stand up guy but at this point, with no resources of my own, I would not be able to attempt re-assembling a team on the ground." *Hovde v. ISLA Development LLC*, 51 F.4th 771, 774 (7th Cir. 2022)(internal quotations omitted).

19.     Thereafter, on November 5, 2008, the Hovdes and ISLA entered into a Forbearance Agreement wherein, *inter alia*, the Hovdes "agree[d] to forebear from exercising [their] remedies" under the Loan Agreement and Note in exchange for a future promise to pay. (Ex. C)

20.     Despite the parties' efforts over many years, the Project was never completed and ISLA never paid any monies owed to the Hovdes.

21.     On November 2, 2018, the Hovdes filed the ISLA Litigation. Count 1 alleged that ISLA breached the Note, and Count 2 alleged that Riegel had breached the Guaranty. The parties sought summary judgment. The Hovdes claimed that there was no dispute that ISLA and Riegel were liable on the Note and the Guaranty, and ISLA and Riegel argued that the Hovdes' claims were barred by the statute of limitations.

22.     On July 31, 2020, the district court granted summary judgment to ISLA as to the Note, concluding that ISLA's debt under the Note had accelerated when Riegel's September 2, 2008 email triggered an "event of default" under the Note.  The court concluded the Hovdes' lawsuit, filed more than ten years later on November, 2, 2018, fell outside the statute of limitations. The district court, however, granted the Hovdes summary judgment on their claim against Riegel for breach of the Guaranty.

23.     Riegel sought reconsideration of the ruling granting summary judgment to the Hovdes on the Guaranty.  Ultimately and after additional briefing, the district court granted summary judgment to Riegel on the Guaranty instead of the Hovdes, concluding that the Guaranty did not waive Riegel's statute-of limitations defense.

24.     Thereafter, the Hovdes appealed the judgment to the Seventh Circuit which affirmed the district court.

## DEFENDANTS NEGLIGENCE

25.     In addition to as detailed above, Freud/RFBN committed acts of professional negligence.

26.     The November 5, 2008 Forbearance Agreement was a new promise to pay restarting the ten-year clock on the statute of limitations.  Specifically, the Forbearance Agreement demonstrated ISLA's unqualified willingness and intention to pay the Hovdes on the Note. (Ex. C)

**27.**     735 ILCS 5/13–206 provides: Except as provided in Section 2-725 of the "Uniform Commercial Code", actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing . . . shall be commenced within 10 years next after the cause of action accrued; **but if any payment or new promise to pay has been made, in writing, on any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay.** (emphasis added)

28.     Under 735 ILCS 5/13–206, the ISLA Litigation filed on November 2, 2018 was timely and within the statute of limitations because the Forbearance Agreement, signed by Riegel on behalf of ISLA Development on November 5, 2008, was a "new promise to pay."

29.     At no time during the ISLA Litigation did Freud/RFBN argue the Forbearance Agreement was a new promise to pay the Note.  As such, the district court relied upon the September 2, 2008 email as the triggering event for the statute of limitations rather than the November 5, 2008 Forbearance Agreement.

6

30.     In its Opinion, the Seventh Circuit stated: "[t]he argument that the Forbearance Agreement constituted a new promise to pay was never argued to the district court at all and therefore is not properly raised on appeal." *Hovde,* 51 F.4th at 775.

31.     Freud/RFBN acted with professional negligence by failing to raise to the district court in the ISLA Litigation that the Forbearance Agreement was a new promise to pay the Note.

32.     The Hovdes were injured by Freud/RFBN's negligence, including the inability to recover $4,394,821 plus interest owed to the Hovdes under the Note.

33.     The Hovdes were further injured by Freud/RFBN's negligence including the accrual of legal fees and expenses previously paid to Freud/RFBN.

### Count 1 – Professional Negligence by Freud and RFBN

34.     The Hovdes incorporate by reference the foregoing paragraphs as if fully set forth herein.

35.     At all times relevant to this claim, an attorney-client relationship existed between the Hovdes and Freud/RFBN.

36.     As counsel to the Hovdes, Freud/RFBN owed the Hovdes a duty to exercise that degree of care, knowledge, skill competence, and diligence in representing the Hovdes' interests used by reasonably careful attorneys providing services in similar circumstances.

37.     Freud/RFBN were required to comply with the rules of professional and ethical conduct applicable to attorneys admitted to practice law in the State of Illinois.

38.     Freud/RFBN owed the Hovdes a duty to represent the Hovdes' interests honestly and in good faith and to make full disclosure of all information that was important and material to the Hovdes' affairs.

39. Freud/RFBN breached their duty of care and were negligent by engaging in conduct more fully described in paragraphs 13-33 above, including the failure to raise to the district court in the ISLA Litigation that the Forbearance Agreement was a new promise to pay the Note under 735 ILCS 5/13–206. But for Freud/RFBN's breach, the Hovdes would have been successful in obtaining a judgment against ISLA and Riegel.

40. Freud/RFBN's conduct as described above, fell beneath the applicable standard of care.

41. As a direct and proximate result of Freud/RFBN's professional negligence, the Hovdes suffered damages, including but not limited to the inability to recover the $4,394,821 plus interest owed to the Hovdes under the Note and the payment of unnecessary legal fees and expenses in the ISLA Litigation and subsequent Seventh Circuit appeal.

## PRAYER FOR RELIEF

WHEREFORE, the Hovdes pray for the entry of judgment in their favor as follows:

1. Enter judgment in favor of the Hovdes and against Freud and RFBN;

2. Compensatory damages in an amount to be determined at trial;

3. Repayment of the fees and costs associated with the ISLA Litigation and Seventh Circuit appeal;

4. Pre-judgment interest;

5. Attorney fees;

6. Cost of suit; and

7. Such other and further relief as the Court deems just and appropriate.

## **JURY DEMAND**

Plaintiffs demand a jury trial on all issues triable to a jury.


ERIC D. HOVDE and STEVEN D. HOVDE


By: /s/ Jeffrey M. Drake
Jeffrey M. Drake
Litwin Kach LLP
200 N LaSalle, Suite 1550
Chicago, Illinois 60606
(312) 971-4085
jeffrey@litwinkach.com

9